IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

ISAAC DELUNA-NORIEGA,
      Petitioner,

vs.                            Case No. 3:06cv21/LAC/EMT

JOSE BARRON, JR.,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

      Petitioner has filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1).
This court has not ordered service of the petition upon Respondent because, as discussed herein,
summary dismissal of the petition is appropriate.

      Petitioner claims that he was invalidly sentenced in the United States District Court for the
Northern District of Florida after a jury found him guilty of conspiracy to possess with intent to
distribute marijuana and possession with intent to distribute marijuana, in violation of 21 U.S.C. §
§ 841(a)(1) and 846 (Doc. 1 at 2, 3).  Petitioner challenges the validity of his sentence on the ground
that the sentencing court increased his sentence, pursuant to the United States Sentencing
Guidelines, based upon a fact (drug quantity) that was not alleged in the indictment, admitted by
Petitioner, submitted to the jury, or proven beyond a reasonable doubt, in violation of United States
v. Booker, 543 U.S. 220, 125 S.Ct. 738, (2005), Blakely v. Washington, 542 U.S. 296, 124 S.C.
2351, 159 L.Ed.2d 403 (2004), and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147
L.Ed.2d 435 (2000) (*see* Doc. 1 at 3).

      To challenge on constitutional grounds the imposition or validity of his sentence, Petitioner
must file his petition pursuant to 28 U.S.C. § 2255.  *See* United States v. Hayman, 342 U.S. 205, 72
S. Ct. 263, 96 L. Ed. 232 (1952).  By contrast, a habeas corpus petition under 28 U.S.C. § 2241

generally attacks only the <u>execution</u> or carrying out of an initially valid confinement.  *See* <u>Broussard v. Lippman</u>, 643 F.2d 1131 (5th Cir. Unit A 1981), *cert. denied*, 452 U.S. 920, 101 S.C. 3059, 69 L.Ed.2d 425 (1981).[1]  Although jurisdiction under section 2241 may be found through what has been referred to as "the savings clause" of the amended section 2255,[2] this remedy is available only if Petitioner establishes that the section 2255 remedy is inadequate or ineffective.  *See* <u>Wofford v. Scott</u>, 177 F.3d 1236 (11th Cir. 1999); <u>McGhee v. Hanberry</u>, 604 F.2d 9, 10 (5th Cir. 1979); <u>Lane v. Hanberry</u>, 601 F.2d 805 (5th Cir. 1979).  In <u>Wofford</u>, the Eleventh Circuit stated:

> The savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

177 F.3d at 1244.

In the instant petition, Petitioner states he previously sought relief from his conviction and sentence pursuant to section 2255, but the petition was denied, and the Eleventh Circuit Court of Appeals denied a certificate of appealability (*see* Doc. 1 at 2-3).  Petitioner apparently recognizes that claims like the one presented in the instant petition must normally be presented in a motion attacking the conviction pursuant to section 2255; however, since he now appears barred from presenting another section 2255 motion, Petitioner states he is raising the claim in a section 2241 in the event the <u>Booker</u> decision is made retroactively applicable to cases on collateral review (*id*. at 3, 6).

---

[1]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all former Fifth Circuit decisions rendered before October 1, 1981.

[2]The "savings clause" provides:
> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, <u>unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention</u>.

(emphasis added).

Petitioner has failed to satisfy the first condition enumerated in Wofford, as he ackowledges that Booker has not been declared retroactively applicable on collateral review.[3]  Furthermore, Petitioner cannot show that the holdings of Booker, Blakely and Apprendi establish he was convicted of a nonexistent offense.  Indeed, Petitioner merely asserts his sentence is excessive (*see* Doc. 1 at 3).  Therefore, Petitioner is simply not entitled to proceed in habeas corpus pursuant to the savings clause of section 2255.

In habeas corpus actions, "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified."  Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.[4]  Since Petitioner is plainly not entitled to pursue the relief he seeks under section 2241, this cause should be dismissed without further proceedings.

Accordingly, it is respectfully **RECOMMENDED**:

That the petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (Doc. 1) be **DISMISSED WITH PREJUDICE** pursuant to Rule 4, Rules Governing Section 2254 Cases, and 28 U.S.C. § 2243.

At Pensacola, Florida this 2nd day of February 2006.


/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**

---

[3]Indeed, the Eleventh Circuit has indicated that Booker, Blakely, and Apprendi are not retroactively applicable on collateral review.  *See* Varela v. United States, 400 F.3d 864, 868 (11th Cir.), *cert. denied* ___ U.S. ___, 126 S.Ct. 312, 163 L.Ed.2d 269 (2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005); McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001), *cert. denied*, 536 U.S. 906, 122 S.Ct. 2362, 153 L.Ed.2d 183 (2002).

[4]Although this habeas action was not brought pursuant to section 2254 but section 2241, Rule 1(b) of the Section 2254 Rules allows the court to apply these rules in section 2241 cases.  *See* Kramer v. Jenkins, 108 F.R.D. 429, 432 (N.D. Ill. 1985).

Case No.:  3:06cv21/LAC/EMT

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations may be filed within ten (10) days after being served a copy thereof.  A copy of objections shall be served upon the magistrate judge and all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; <u>United States v. Roberts</u>, 858 F.2d 698, 701 (11th Cir. 1988).**